**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**FEB. 6, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In Re: YONG U. YI**, <br>                    Debtor. | Case No.: 05-39532 (DHS) <br><br> Adv. No.: 07-01879 (DHS) <br><br> Judge: Donald H. Steckroth, U.S.B.J. |
| **KENNY BANK, BOK YI BANK, TO YOL CHOI and KYUNG HEE CHOI**, <br><br>                    Plaintiffs, <br><br>       v. <br><br> **YONG U. YI, SINHEE KIM and 3 BROTHERS BAGELS,** <br><br>                    Defendants. | |

**OPINION**

**APPEARANCES:**

Law Office of Jae Y. Kim, LLC
Jae Y. Kim, Esq.
Raymond Marelic, Esq.
One University Plaza
Suite 212
Hackensack, New Jersey 07601
*Counsel for Defendants Yong U. Yi, Sinhee Kim and 3 Brothers Café, L.L.C., d/b/a 3 Brothers Bagels*


Law Offices of Misha Lee, LLC
Misha Lee, Esq.
74 Central Avenue
Hackensack, New Jersey 07601
*Counsel for Plaintiffs Kenny Bak, Bok Yi Bak, To Yol Choi and Kyung Hee Choi*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion for partial summary judgment filed by Yong U. Yi ("Debtor"), Sinhee Kim and 3 Brothers' Bagels (collectively hereinafter "Defendants") seeking the dismissal of Counts XXIII and XXIV of the Amended Complaint filed by Kenny Bak, Bok Yi Bak, To Yol Choi and Kyung Hee Choi (collectively hereinafter "Plaintiffs"), which allege that the Plaintiffs hold equitable title and an equitable lien on real estate located at 420 West Place, Washington Township, Bergen County, New Jersey ("Property"). The Defendants specifically argue: (i) that the purported oral agreement to convey the Property to the Plaintiffs does not comport with N.J.S.A. 46:3-17.4, which requires written consent for a transfer of a tenancy by the entirety and (ii) in the alternative, the oral agreement should be deemed rejected pursuant to Section 365 of the Bankruptcy Code because the Chapter 7 Trustee has neither assumed nor rejected such executory contract. The Plaintiffs filed opposition contending that the Defendants' motion for partial summary judgment should be denied because: (i) the Defendants' accompanying certifications should be stricken; (ii) the Defendants' reliance on N.J.S.A. 46:3-17.4 is misplaced; (iii) the Statute of Frauds no longer applies; and (iv) factual issues exist regarding the Defendants' intention to convey the Property.

For the reasons stated hereafter, the Defendants' motion for partial summary judgment is denied. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**Statement of Facts and Procedural History**

A.  **Defendants' Statement of Facts**

The Debtor and Defendant, Yong U. Yi, and his wife, Defendant Sinhee Kim, were married on July 26, 2003 and are presently still married. *Certification of Yong U. Yi ("Yi Cert.")*, at ¶ 2. The Defendants purchased the Property on April 13, 2004 for $555,000.00 as husband and wife. *Id.* at Exhibit D. Thus, the Defendants hold the property as tenants by the entirety. *Defendants' Brief in Support of Motion for Partial Summary Judgment ("Defs. Brief")*, at 1. The Defendants deny the Plaintiffs' allegation that the Defendants orally agreed to convey the Property to the Plaintiffs. *Id*. The Plaintiffs also filed a Notice of Lis Pendens on or around September 6, 2006. *Id.*

B.  **Plaintiffs' Statement of Disputed and Additional Facts**

Relying upon the relevant facts in their Complaint, the Plaintiffs submit that the Defendants purchased the Property on April 13, 2004 for $555,000.00. *Plaintiffs' Brief in Opposition to Defendants' Motion for Partial Summary Judgment ("Pls. Brief")*, at 1. On or about June 1, 2005, the Defendants and Plaintiffs entered into a written agreement allowing the Plaintiffs to take possession of the Property with the Defendants serving as landlords. *Id.* The agreement provided for six-month occupancy with the right to extend the term for an additional two years. *Id.* The Plaintiffs allege that the Defendants promised to transfer title as part of this agreement. *Id.* The Plaintiffs maintain that the purported consideration for this transfer was their assumption of the Defendants' mortgage and the forgiveness of over $200,000.00 of debt owed to the Choi Plaintiffs. *Id.* at 2. Instead of paying market rent, the Plaintiffs paid the actual monthly mortgage of $4,000.00. *Id.*

The Plaintiffs contend that in June 2005, the Defendants offered to transfer title to the Bak Plaintiffs to satisfy the $200,000.00 debt owed to the Choi Plaintiffs and to avoid fraud litigation.

*Id.* The Bak Plaintiffs were promised title upon the conclusion of the potential bankruptcy proceedings for the Park Café. *Id.* The Plaintiffs submit that they were not aware of any bankruptcy filing. Relying upon these representations, the Bak Plaintiffs moved into the Property and made mortgage payments and expenses for approximately one year. *Id.* Specifically, the Bak Plaintiffs paid $48,000.00 of the Defendants' mortgage. *Id.* In addition, the Bak Plaintiffs made substantial improvements to the Property. *Id.* at 3.

The Plaintiffs maintain that in July 2006, the Defendants again agreed to transfer title. *Id.* The Choi Plaintiffs agreed to forgive the $200,000.00 debt in exchange for title transfer to the Bak Plaintiffs because the Chois are the sister and brother-in-law of the Plaintiff Kenny Bak. *Id.* Plaintiffs argue that based on these representations they took no further action to recover the debt and even prepared a contract for sale and transmitted it to the Defendants' attorney. *Id.*

On August 28, 2006, the Defendants' attorney notified the Plaintiffs that they were to vacate the Property by September 28, 2006. *Id.* The Plaintiffs immediately terminated mortgage payments. In early September 2006, the Choi Plaintiffs discovered that the Defendants were attempting to secure a new mortgage on the Property. *Id.* Thus, in late 2006, the Plaintiffs filed a complaint and a Notice of Lis Pendens in state court. *Id.* The Plaintiffs submit that the Defendants have neither disputed these facts nor denied the existence of an oral agreement between the parties. *Id.* at 4. The Defendants have breached the parties' agreement by failing to transfer title despite the sums expended by the Plaintiffs. *Id.* On July 3, 2007, the Plaintiffs commenced the instant adversary proceeding by filing a forty-two page complaint alleging non-dischargeability based on fraudulent conduct under Section 523(a), objecting to the Debtor's discharge pursuant to Section 727,

5

negligence, and intentional torts. The instant summary judgment motion focuses on two of the Counts of the complaint regarding equitable title and an equitable lien on the Property.

## Discussion

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

Local Civil Rule 56.1 requires each side to "furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. Failure to file this statement is grounds for denial alone. *See In re Mercedes-Benz Antitrust Litig.*, 364 F. Supp. 2d 468,

471-75 (D.N.J. 2005); *Comose v. N.J. Transit Rail Operations, Inc.*, 2000 U.S. Dist. LEXIS 20790, at *4 (D.N.J. Oct. 6, 2000). However, if there is no evidence of bad faith, then it is within the court's discretion to overlook such failure and to decide the motion on the merits. *See Rosenberg v. JCA Assocs.*, 2007 U.S. Dist. LEXIS 23570, at *31-32 (D.N.J. Mar. 30, 2007). Although both parties to the instant motions failed to comply with Local Civil Rule 56.1, they did provide orderly recitations of the facts at hand in their briefs. Therefore, this Court will exercise its discretion and will decide the motion. *See Kee v. Camden County*, 2007 U.S. Dist. LEXIS 23637, at *16 (D.N.J. March 30, 2007) ("[T]he Court, having found no evidence of bad faith, concludes that both parties were equally lax in their compliance with the Local Civil Rules,. . .and the Court [finds] it in the best interest of the parties and justice to adjudicate Defendant's motion. . . .").

In the instant matter, issues of fact abound. Thus, the Defendants' motion for partial summary judgment must be denied. First and foremost, the material facts relating to title and ownership of the Property are in dispute, particularly the intentions of the oral agreement to convey the Property. Moreover, the Defendants' legal contentions appear to misconstrue the New Jersey statute. The Defendants contend that N.J.S.A. 46:3-17.4 makes the alleged oral conveyance unenforceable. N.J.S.A. 46:3-17.4 specifically states:

> Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.

N.J.S.A. 46:3-17.4 (2007). The Defendants rely upon this statute for the proposition that a conveyance to the Plaintiffs required the Plaintiffs to affirmatively obtain the written consent of the Defendants since they had title to the Property as tenants by the entirety. However, a plain reading of the statute demonstrates that the statute prevents one spouse from alienating, severing or affecting

8

*their* interest in the Property without written consent of the other spouse during the marriage or upon separation. *See id.* (emphasis added); *Vander Weert v. Vander Weert*, 304 N.J. Super. 339, 345 (App. Div. 1997). The statute does not place an affirmative duty upon the Plaintiffs to obtain such written consent. Instead, the spouses must each obtain written consent from the other to convey their interest.

In support of their N.J.S.A. 46:3-17.4 argument, the Defendants rely upon *Freda v. Commercial Trust Co.,* 118 N.J. 36 (1990) and *Vander Weert v. Vander Weert*, 304 N.J. Super. 339, 345 (App. Div. 1997). However, this reliance is misplaced as both cases stand for distinguishable propositions to the facts at hand. In both cases, one spouse unilaterally executed a mortgage without the consent of the other spouse. *See Freda*, 118 N.J. at 39 (where husband forged wife's signature to obtain mortgage to save failing restaurant); *Vander Weert*, 304 N.J. at 342 (where husband provided mortgage to attorneys in exchange for their representation in divorce proceeding). The Court held in *Freda* that the unilateral mortgage would not be enhanced upon the divorce and that it was valid up to the value of the husband's interest. *See Freda*, 118 N.J. at 47-48. Moreover, the *Freda* Court found N.J.S.A. 46:3-17.4 to be inapplicable because the property had been held as a tenancy by the entirety for nineteen years prior to the effectuation of the statute. *Id.* at 40-41.

In *Vander Weert,* the Court held that the unilateral mortgage extends only to the husband's portion of the property if any was awarded through equitable distribution. *See Vander Weert*, 304 N.J. at 342. Furthermore, the *Vander Weert* Court's interpretation of the New Jersey statute comports with the plain meaning where one spouse is required to obtain the consent of the other when altering, severing or alienating a tenancy by the entirety. *See Vander Weert*, 304 N.J. at 345. In the instant matter, there is no unilateral mortgage at issue and no attempt to alienate or alter the

9

tenancy by the entirety relationship. Instead, Plaintiffs allege that the Defendants jointly entered into an oral agreement to convey the property they hold as a tenancy by the entirety to the Bak Plaintiffs. The existence and enforceability of such an agreement is precisely the material factual issue that exists here and thus, summary judgment must be denied. Therefore, this Court finds N.J.S.A. 46:3-17.4 to be inapplicable to the facts before the Court.

Moreover, the Defendants' argument ignores the amended New Jersey Statute of Frauds where transfers of real property are no longer required to be in writing. *See* N.J.S.A. 25:1-13 (2007); New Jersey Statute of Frauds, L. 1995, c. 360, § 4; *McBarron v. Kipling Woods, L.L.C.*, 365 N.J. Super. 114, 115-116 (App. Div. 2004). The amended New Jersey Statute of Frauds with respect to real estate transfers provides:

> An agreement to transfer an interest in real estate or to hold an interest in real estate for the benefit of another shall not be enforceable unless:
>
>> a. a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement, and the identity of the transferor and transferee are established in a writing signed by or on behalf of the party against whom enforcement is sought; or
>>
>> b. a description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement and the identity of the transferor and the transferee are proved by clear and convincing evidence.

N.J.S.A. 25:1-13 (2007). Thus, the Defendants' N.J.S.A. 46:3-17.4 contention that the Plaintiffs were required to obtain the written consent from both spouses to effectuate an oral agreement to transfer the property is nonsensical when taking into account the express provisions of the New Jersey Statute of Frauds.

In the alternative, the Defendants argue that the Trustee's failure to either assume or reject this purported executory contract under Section 365 deems the oral agreement rejected by operation of law and thus the Court may not enforce such agreement. *See* 11 U.S.C. § 365(d)(1) (2007) (providing that a Chapter 7 Trustee's failure to assume or reject an executory contract or unexpired lease of residential real property within sixty (60) days of the Petition Date deems such contract rejected). However, this reading of Section 365 is inaccurate. Rejection of an executory contract does not terminate such agreement but instead provides the non-Debtor party to the contract with a general unsecured claim rather than an administrative claim for breach of such contract. *See* 11 U.S.C. § 365(g) (2007); *In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 475 (Bankr. D. Del. 2006) (citations omitted). The Defendants' reliance upon Section 365's rejection provision is misplaced as the purported agreement would not be terminated by operation of law. As the Plaintiffs contend, this Section 365 argument is irrelevant to the Counts of the Complaint at issue relating to equitable title and an equitable lien since Section 365(g) does not terminate the purported agreement. Furthermore, the existence of the agreement is disputed and thus, a finding by this Court regarding assumption or rejection is premature at this juncture.

## Conclusion

The Defendants have failed to meet their burden to warrant the dismissal of the equitable title and equitable lien Counts of the Adversary Complaint. The Plaintiffs have demonstrated genuine issues of material fact. Thus, the Defendants' motion for partial summary judgment is hereby denied.

**A trial is scheduled in this matter for June 19, 2008 at 10:00 a.m.** An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/   *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: February 6, 2008